**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANE BROOKS, ) | |
| ) | Case No. 2:14-cv-00497-APG-CWH |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| LISA WALSH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's renewed Motion to Extend Prison Copy Work Limit (doc. # 72), filed May 5, 2016.

A petitioner does not have a right to free photocopying. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989), overruled on other grounds by Silva v. Di Vittorio, 658 F.3d 1090 (9th Cir. 2011) (stating "numerous courts have rejected any constitutional right to free and unlimited photocopying"). Under Administrative Regulations 722, "inmates can only accrue a maximum of $100.00 debt for copy work expenses." NDOC-AR 722.01(7). However, a court "can... order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties." Allen v. Clark Cnty. Det. Ctr., No. 2: 10-CV-00857-RLH, 2011 WL 886343, at *2 (D. Nev. Mar. 11, 2011).

In the instant motion, Plaintiff states that he has exceeded his prison copy work limit, and "seeks only a reasonable allowance" of copy work for relevant and responsive documents falling under Fed. R. Civ. P. 5, Local Rule ("LR") 5-1, and LR 7-2. Doc. # 72 at 2. The Court finds good reason to increase Plaintiff's copy work limit by 120 pages, and advises Plaintiff to prudently use this limit,

and to utilize carbon paper and other alternative resources to generate additional copies.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's renewed Motion to Extend Prison Copy Work Limit (doc. # 72) is **granted**.

DATED: May 16, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**