UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHANE BROOKS,<br><br>  Plaintiff,<br><br>  v.<br><br>LISA WALSH and MELANIE MCBROOM,<br><br>  Defendants. | Case No. 2:14-cv-00497-APG-CWH<br><br>**ORDER GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 70) |

Plaintiff Shane Brooks, an inmate at the Northern Nevada Correctional Center (NNCC), filed this lawsuit alleging defendants Melanie McBroom and Elizabeth "Lisa" Walsh violated his First Amendment free exercise rights by refusing to correct a mistaken designation of his chosen religion, which led to him being denied a kosher diet and participation in religious services. He also alleges the defendants violated his First Amendment right of access to the courts because they failed to timely respond to his grievances.

McBroom and Walsh move for summary judgment, arguing they did not personally participate in the decision to deny Brooks a religious diet. Rather, they argue, Brooks voluntarily removed himself from the common fare diet and the decision whether to reinstate him rested with the chaplain, not McBroom or Walsh. The defendants also argue Brooks was not prevented from participating in any religious services because those services are open to the general population. As for the claim of denial of access to the courts, McBroom denies personal participation in responding to grievances and McBroom and Walsh argue Brooks cannot show he was prejudiced by any delay in responding to his grievances or that he suffered actual injury. The defendants also contend Brooks did not exhaust his administrative remedies before bringing suit. Finally, the defendants argue they are entitled to qualified immunity.

Brooks filed an oversized response brief. ECF No. 74. I denied his motion to exceed the page limit but granted him leave to file a revised opposition that was limited to 40 pages. ECF

No. 77. Brooks appealed that order. ECF No. 82. The Ninth Circuit dismissed the appeal. ECF No. 89.

Brooks never filed a shortened response brief as ordered. As a result, the defendants never filed a reply. Because the defendants prevail on summary judgment even considering Brooks' oversized response and without the need to consider a reply, I will consider Brooks' oversized brief in resolving this motion without putting the parties through the delay that would be occasioned by requiring Brooks to file a new responsive brief.

I grant the motion as to McBroom because Brooks concedes he has no viable claims against her. I grant the motion as to Walsh because she is entitled to qualified immunity on the First Amendment free exercise claim and because Brooks did not exhaust his claim of violation of his First Amendment right of access to the courts.

**I. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

/ / / /

/ / / /

**A. Defendant McBroom**

Brooks concedes he has no viable claims against McBroom. ECF No. at 74 at 24, 44.  I therefore grant summary judgment in her favor.

**B. First Amendment Free Exercise**

In November 2011, Brooks identified himself as a Hebrew Israelite and requested to be placed on a kosher diet. ECF No. 70-5.  That request was approved. *Id.*

On January 24, 2013, a caseworker incorrectly listed Brooks as a non-denominational Christian. ECF Nos. 70-3 at 13; 70-4 at 5.  Although incorrectly classified, Brooks was not removed from the kosher/common fare diet[1] as a result. ECF No. 70-4 at 5.  On February 16, 2013, Brooks filed informal grievance number 20062958101 to have the classification corrected. ECF No. 74 at 15.  Walsh, who is the Associate Warden and Grievance Coordinator at NNCC, denied that grievance because, in her view, Brooks was attempting to grieve more than one issue. ECF Nos. 70-4 at 3, 6; 70-8 at 41.  Brooks resubmitted the informal grievance on April 8. ECF No. 70-4 at 6.  Walsh denied it on May 30, stating that the Religious Review Team was meeting for the purpose of discussing whether to add the Hebrew Israelite faith to the recognized religious groups by the Nevada Department of Corrections (NDOC). *Id.*  Brooks filed his first level grievance on July 9. ECF No. 70-8 at 39.

On July 11, Brooks requested to withdraw from the common fare diet for "personal reasons." ECF Nos. 70-3 at 14; 70-4 at 5; 70-11.  Brooks did not want to be on the common fare diet because he did not believe it was kosher. ECF No. 74 at 16.

On July 21, Brooks submitted a kite requesting to be put back on the common fare diet. ECF No. 78 at 33.  Pursuant to Administrative Regulation 814.03, an inmate wanting to receive the common fare diet must fill out a religious diet request and registration form. ECF No. 70-6 at 3.  Inmates who ascribe to a religious group that is listed as authorized to meet in NDOC facilities are eligible to be considered for the program. *Id.*  Inmates who ascribe to other religions are considered as well, but they may be required to provide additional information about their

---

[1] In the summer of 2015, the kosher diet was replaced by the "common fare" diet.

religious dietary restrictions. *Id.* at 4.  The chaplain conducts a review and decides whether to approve the request. *Id.* at 3-4.  In light of this regulation, Walsh responded to Brooks' July 21 kite by stating that Brooks should "let [her] know if [he was] denied by the Chaplain." ECF No. 78 at 33.

On August 8, Brooks submitted a kite stating the chaplain had not been responding to his kites about getting back on the common fare diet. *Id.* at 49.  The chaplain responded on August 12, stating that Brooks had chosen to voluntarily withdraw from the common fare diet so he must reapply. *Id.*  A few days later, the chaplain sent Brooks a memo stating that to apply and qualify for a religious diet, Brooks must meet the requirements in Administrative Regulation 814. *Id.* at 48.  The chaplain advised Brooks that his application suffered from several defects, including that he did not "[h]ave an appropriate religious affiliation listed" because his current affiliation was "Nondenominational, a Christian faith group" and that did not qualify for the religious diet. *Id.* (internal quotation marks omitted).  The chaplain thus directed Brooks to fill out and return a Faith Group Affiliation Declaration form along with his application for the common fare diet. *Id.*

On September 2, Brooks submitted a kite requesting to be put back on the common fare menu. ECF Nos. 70-12 at 2; 70-8 at 15.  Brooks stated that he had previously informed the chaplain that his faith classification had been changed without his consent and that he should not have to fill out a new declaration of faith form. ECF No. 70-8 at 15.  The chaplain responded four days later, directing Brooks to fill out the appropriate form. ECF Nos. 70-12 at 2; 78 at 52.

Walsh denied Brooks' first level grievance for grievance number 20062958101 on September 10, stating that although the caseworker had incorrectly changed Brooks' religious classification, Brooks nevertheless received the common fare diet until he voluntarily removed himself from it. ECF No. 70-8 at 34.  She also stated he could request a change in religious affiliation by completing a faith declaration form and submitting it to the chaplain. *Id.*

Brooks filled out the form and submitted it on September 11. ECF No. 70-13.  The chaplain approved Brooks for the common fare diet the next day. *Id.*

/ / / /

Brooks filed his second level grievance for grievance number 20062958101 on October 2. ECF Nos. 70-4 at 7; 70-8 at 3. Deputy Director Sheryl Foster denied the grievance, stating that by that point Brooks was receiving the common fare diet. ECF Nos. 70-4 at 7; 70-8 at 2.

### 1. Exhaustion

Walsh contends Brooks did not exhaust administrative remedies related to this claim. However, Brooks pursued grievance number 20062958101 through each level of the grievance process and obtained a response on his second level grievance before filing suit. This claim is exhausted.

### 2. Qualified Immunity

To allay the "risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties," government officials performing discretionary functions may be entitled to qualified immunity for claims made under 42 U.S.C. § 1983. *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In ruling on a qualified immunity defense, I make a two-pronged inquiry into whether (1) the defendant violated the plaintiff's constitutional right and (2) whether that right was clearly established. *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002). I may consider these two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

I view the facts in the light most favorable to the party asserting the injury. *Sorrels*, 290 F.3d at 969. A right is clearly established if "'it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (emphasis omitted) (quoting *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). I make this inquiry "in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 200. An officer will be entitled to qualified immunity even if she was mistaken in her belief that her conduct was lawful, so long as that belief was reasonable. *Wilkins*, 350 F.3d at 955.

The plaintiff bears the burden of showing that the right at issue was clearly established. *Sorrels*, 290 F.3d at 969. But a plaintiff need not establish that a court previously declared the defendant's behavior unconstitutional if it would be clear from prior precedent that the conduct was unlawful. *Blueford v. Prunty*, 108 F.3d 251, 254 (9th Cir. 1997). Additionally, a plaintiff may meet his burden on the clearly established prong by showing the defendant's conduct was "such a far cry from what any reasonable . . . official could have believed was legal that the defendants knew or should have known they were breaking the law." *Sorrels*, 290 F.3d at 971.

Brooks alleges that by refusing to correct the erroneous religious classification, Walsh violated his First Amendment right to free exercise of his religion because the chaplain later denied his request to be placed on the common fare diet due to the incorrect religious classification. He also asserts that this substantially burdened his observation of four Sabbath holy days and two religious holidays because he had to eat non-kosher food on those days. ECF No. 74 at 30, 71.

Walsh is entitled to qualified immunity because it would not have been clear to a reasonable official in Walsh's position that her failure to correct the classification violated Brooks' free exercise rights under the circumstances. Walsh was at least reasonably mistaken about whether her failure to act was illegal because, despite the incorrect classification, Brooks was still receiving kosher meals, Brooks voluntarily took himself off the common fare diet, and the decision whether to approve his request to be reinstated to that diet rested with the chaplain, not Walsh. Under the applicable regulation, an inmate who did not belong to a recognized religion still could be considered for the common fare diet. Thus, the chaplain could have approved Brooks regardless of the incorrect classification. Additionally, a reasonable official in Walsh's position may have viewed the requirement that Brooks fill out a new faith declaration form as a reasonable requirement that did not substantially burden Brooks' First Amendment rights. *See Resnick v. Adams*, 348 F.3d 763, 769-70 (9th Cir. 2003) (holding that requiring inmates to fill out a request form to receive a religious diet does not substantially burden First

Amendment rights).  Brooks has not identified law that would have put Walsh on notice that her acts were plainly illegal.

I therefore grant summary judgment in Walsh's favor on the First Amendment free exercise claim.  Although I grant judgment in her favor, I feel compelled to note that years of litigation and substantial resources of both the parties and the court could have been saved if Walsh had investigated Brooks' claim that his classification was improperly changed and corrected it.

### C. First Amendment Access to Courts

Brooks' second claim alleges that Walsh was so tardy in responding to grievances that he was denied his right to access the courts.  Specifically, he alleges that if Walsh had more timely processed his grievances, he could have exhausted administrative remedies and filed a lawsuit to seek emergency relief to correct his classification and thus avoid the possibility that his request for the common fare diet would be denied on the basis of his religious affiliation.

Brooks filed informal grievance number 2006964820 regarding the amount of time it was taking for Walsh to respond to grievances. ECF No. 70-14 at 33.  The informal response indicated that Brooks was "correct" and that staff was behind on processing grievances but that the issue had been addressed. *Id*.  The response indicated that under Administrative Regulation 740, inmates may move to the next level in the grievance process, except the second level, if a response is not received in the required time frame. *Id*.  The informal grievance was "[d]enied." *Id*.  Brooks filed a first level grievance questioning why the grievance was denied when he was "correct." *Id*.  He attached to that grievance a financial claim form. *Id*.  The first level grievance was "upheld." *Id*.  However, the first level grievance stated the Brooks "did not attach the administrative claim form so no monetary amount is noted." *Id*.  Brooks did not file a second level grievance.

Brooks did not exhaust his administrative remedies with respect to this claim because although his grievance was upheld at the first level,[2] his request for monetary relief was denied. *Id.*; ECF No. 78 at 73 (referring to financial claim form for grievance 20062964820).  Thus, further relief was available through a second level grievance. *See Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005) (stating "a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process"); ECF No. 70-9 at 8 (AR 740 governing grievance process requires a second level grievance); *id.* at 6 and 9 (monetary relief is an available remedy but inmate must file administrative claim form in addition to the grievance).  Brooks filed other grievances related to the delayed grievance response times but none of those was upheld and he did not fully exhaust any of them. *See* ECF No. 70-14 at 14, 22, 27.

Brooks did not exhaust his administrative remedies with respect to his access to the courts claim.  I therefore grant summary judgment in Walsh's favor on this claim.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment **(ECF No. 70) is GRANTED**.  The clerk of court is instructed to enter judgment in favor of defendants Melanie McBroom and Elizabeth "Lisa" Walsh and against plaintiff Shane Brooks.

DATED this 20th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] *Ross v. Cnty. of Bernalillo*, 365 F.3d 1181, 1187 (10th Cir. 2004) (holding that an inmate is not required to appeal to the next level when he was successful at an earlier stage of the grievance process and where no further administrative relief was available), *overruled on other grounds by Jones v. Block*, 549 U.S. 199 (2007).